UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILLIP BAGLEY )
    Plaintiff, )
 )
v. ) No. 17 CV 6943
 )
CITY OF CHICAGO, )
D. BLACKMAN, )
J. DELGADO, T. ORTIZ )
    Defendant(s).

AMENDED COMPLAINT AT LAW

NOW COMES, Plaintiff, Phillip Bagley, by and through his attorney, Jason R. Epstein, complaining against the Defendant City of Chicago and D. Blackman, T. Ortiz and J. Delgado.

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331, 1367 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

PARTIES

4. The Plaintiff, Phillip Bagley, was at all relevant times a United

    States citizen and resident of the State of Illinois.

5. At all relevant times, the Defendant, D. Blackman, was a duly appointed Chicago Police officer acting within his scope of employment and under color of law.

6. At all relevant times, the Defendant, J Delgado was a duly appointed Chicago Police officer acting within his scope of employment and under color of law.

7. At all relevant times, the Defendant, T. Ortiz was a duly appointed Chicago Police officer acting within his scope of employment and under color of law.

8. Defendant City of Chicago is located in Cook County Il.

9. On or about September, 26th - 27th, 2015, Plaintiff, Phillip Bagley, was in the City of Chicago.

10. Plaintiff was leaving a particular property.

11. Defendants blind sided plaintiff kicking and beating him.

12. Defendants beat him until he was bleeding for no just cause.

13. Plaintiff is beaten after he is cuffed.

14. Plaintiff is hit in the face with a gun by defendant.

15. Plaintiff was threatened to be shot if he ran by defendant.

16. One of the officers who beat him was white, brunette hair and no glasses.

17. Plaintiff was charged after said arrest in case number 15119234101 before Judge Gallagher in Branch 34 Chicago

Illinois, CB No. 019194821 and RD number hy439806.

## COUNT I
## UNREASONABLE SEIZURE

18. Plaintiff realleges the introductory and factual paragraphs excluding other counts as if fully set forth in this count.

19. Defendants did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiff was about to commit a crime when he was arrested.

20. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and such other remedies as the court deems equitable.

## COUNT II
## EXCESSIVE FORCE

21. Plaintiff realleges the introductory and factual paragraphs excluding other counts as if fully set forth in this count.

22. Defendant officers beat, kicked and pistol whipped plaintiff before, during and after arrest.

23. Defendant Officers violated Plaintiff's Eighth and Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

24. Plaintiff was bruised about his face and body. Plaintiff suffers from permanent damage to his face.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and such other remedies as the court deems equitable.

## COUNT III
## ILLEGAL SEARCH OF PERSON

25. Plaintiff realleges the introductory and factual paragraphs excluding other counts as if fully set forth in this count.

26. Defendant officers named herein searched Plaintiff at the scene of the arrest without cause or basis prior to any questioning.

27. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff.

28. Defendant Officers conducted the search in a harassing manner intended to humiliate and inflict psychological pain.

29. Searching Plaintiff without legal justification violated his Fourth and Eighth Amendment right, as guaranteed by the

Fourteenth Amendment, to be free from unreasonable search and seizures and cruel and unusual punishment.

WHEREFORE, Plaintiff asks that this Honorable Court:
- a) Enter judgment against Defendant-Officers,
- b) Award Plaintiff compensatory and punitive damages,
- c) Award attorneys' fees and costs, and
- d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
## DENIAL OF MEDICAL TREATMENT

30. Plaintiff realleges the introductory and factual paragraphs excluding other counts as if fully set forth in this count.

31. Plaintiff was bleeding profusely and clearly injured. Plaintiff requested medical treatment. Defendants specifically denied medical treatment to plaintiff.

32. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourteenth Amendment right to medical treatment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and such other remedies as the court deems equitable.

## COUNT V
## FAILURE TO INTERVENE

33. Plaintiff realleges the introductory and factual paragraphs

excluding other counts as if fully set forth in this count.

34. While Plaintiff was subjected to illegal search, seizure and excessive force as described above, each officer had an opportunity to intervene in the other officers actions, but chose not to intervene.

35. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from the above stated counts including but not limited to excessive force, unreasonable force and illegal search and cruel and unusual punishment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
(Indemnification Claim pursuant to 745 ILCS 10/9-102)

36. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

37. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

JURY DEMAND

The Plaintiff, Phillip Bagley, hereby request a trial by jury.

                                          Respectfully submitted,

                                          Phillip Bagley

                                          /s/ Jason R. Epstein
                                          Law Offices of Jason R. Epstein
                                          190 S. LaSalle Ste. 2100
                                          Chicago, 1L 60604
                                          (312)869-2603
                                          Krime@KriminalDefense.com