# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PHILLIP BAGLEY, | ) |
| Plaintiff, | ) |
| | ) No. 17 C 6943 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| CITY OF CHICAGO, D. BLACKMAN, | ) |
| J. DELGADO, T. ORTIZ, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Chicago police officers allegedly beat up Plaintiff Phillip Bagley as he was leaving someone's property in Chicago on September 26 or 27, 2015 and thereafter arrested him. Two years later, on September 26, 2017, Bagley filed this lawsuit against the City of Chicago (the "City") and Chicago Police Officers Tito Ortiz, Davis, Jackson, and "J. Doe," alleging excessive force, unlawful search and seizure, denial of medical treatment, and failure to intervene pursuant to 42 U.S.C. § 1983, in addition to seeking indemnification against the City for any judgment entered against the individual Defendants. On January 16, 2018, Bagley filed an amended complaint, naming Chicago Police Officers Jesus Delgado and Daniel Blackman (collectively, the "Defendant Officers"), in addition to Tito Ortiz and the City, as Defendants.[1] The City and

---

[1] Bagley has not served Ortiz with the amended complaint and Bagley does not address whether he intends to proceed against Ortiz in his response. This Opinion does not address any of Bagley's potential claims against Ortiz, except to the extent that the Defendant Officers' arguments for dismissal would similarly apply to Ortiz. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion); *Roberts v. Cendant Mortg. Corp.*, No. 1:11-CV-01438-JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (although three defendants had not entered appearances and it was not clear if they had been served, court could impute arguments made by other defendant to all of them and dismiss claims against all defendants). At the next status hearing, Bagley should be prepared to address Ortiz's status in this litigation.

the Defendant Officers now move to dismiss the amended complaint, arguing that the statute of limitations has run on Bagley's claims against the Defendant Officers and that *Heck v. Humphrey*, 512 U.S. 477, 487 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), bars Bagley's unreasonable seizure claim.[2] Because the Court cannot on this record determine whether Bagley's naming of the Defendant Officers in the amended complaint relates back to the initial complaint to make it timely, the Court denies the motion to dismiss based on the statute of limitations at this time. However, the Court dismisses Bagley's unreasonable seizure claim because *Heck* bars that claim.

## BACKGROUND[3]

On September 26 or 27, 2015, the Defendant Officers and Ortiz arrested Bagley. Before and after placing Bagley in handcuffs, the Defendant Officers and Ortiz kicked him and struck him in the face with a gun, causing Bagley injuries, including bruises and permanent damage to his face and body. To the extent the Defendant Officers and Ortiz were not directly involved in the beating, they did not intervene to stop it. Despite Bagley bleeding profusely, the Defendant Officers and Ortiz denied his request for medical treatment. Bagley was thereafter charged with resisting arrest and pleaded guilty to this charge on October 27, 2015.

---

[2] The Court notes that Bagley's response to the motion to dismiss violates Northern District of Illinois Local Rule 7.1 in length and format. Bagley also failed to file his response separately on the docket, as ordered by the Court, *see* Doc. 50, meaning that the Court and Defendants do not have the benefit of the exhibits he references in his response, *see, e.g.*, Doc. 48-1 at 1–2 (referencing Exhibits 1, 2, 3, and 5). Despite these violations, the Court considers the entirety of Bagley's response so as to fully address Defendants' arguments. The Court warns Bagley, however, that future violations will be met with sanctions.

[3] The facts in the background section are taken from Bagley's amended complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court also takes notice of the certified statement of conviction, which Defendants attach to their motion to dismiss and is not open to dispute. *See Adebiyi v. Felgenhauer*, No. 08 C 6837, 2010 WL 1644255, at *2 (N.D. Ill. Apr. 20, 2010) (taking judicial notice of certified statement of conviction).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.    Statute of Limitations**

First, the Defendant Officers argue that the two-year statute of limitations bars Bagley's claims against them. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint). Illinois' statute of limitations for personal injury claims, which is two years, governs the statute of limitations for

Section 1983 claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); 735 Ill. Comp. Stat. 5/13-202. Although the statute of limitations is borrowed from state law, federal law determines when the claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, § 1983 claims accrue when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Bagley's claims for excessive force, illegal search, denial of medical treatment, and failure to intervene accrued immediately, on September 27, 2015, *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010), while any claim for false arrest accrued when Bagley was bound over by a magistrate or arraigned on charges, which according to the certified statement of conviction occurred the following day, on September 28, 2015. *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). But Bagley named the Defendant Officers only on January 16, 2018, after the statute of limitations had run against them.

Therefore, Bagley's claims against the Defendant Officers are only timely if his amended complaint relates back to his original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C). Rule 15(c)(1)(C) provides that a claim asserted against a newly identified defendant relates back if:

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The Defendant Officers argue that the amended complaint cannot relate back to the filing of Bagley's original complaint, relying on long-standing Seventh Circuit precedent holding that the naming of John Doe defendants does not stop the statute of limitations

and that a plaintiff's lack of knowledge does not constitute a mistake for purposes of relation back.[4] *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (complaint did not relate back where plaintiff lacked knowledge of proper party within limitations period). After the Supreme Court's decision in *Krupski v. Costa Cruciere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), however, the focus of the relation back inquiry has shifted away from the plaintiff's to the defendant's knowledge, with the plaintiff's knowledge "relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 548. Thus, the proper inquiry for the Court at this stage is whether the Defendant Officers knew or should have known, during the Rule 4(m) period, that but for a mistake on Bagley's part, they would have been named in the suit, and whether they would be prejudiced in defending the merits of the case if relation back is allowed. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011).

Despite this, the Defendant Officers still argue that Bagley's amended complaint should not relate back because his lack of knowledge and naming of a John Doe defendant does not constitute a mistake. Although there is still no consensus on whether or not naming fictitious defendants is a mistake for purposes of Rule 15(c)(1)(C) post-*Krupski*, this Court and many others in this district have previously held that where a plaintiff initially names a fictitious defendant because the plaintiff does not know the defendant's true identity, a subsequent amended complaint can relate back to the initial complaint. *See Ryan v. City of Chicago*, No. 15

---

[4] The Defendant Officers also argue that, for Bagley's amended complaint to relate back, he needed to file his amended complaint within ninety days of his original complaint, which he did not do. But Rule 15(c)(1)(C) only specifies that the party against whom Bagley seeks to proceed have received notice of the action within that ninety-day period, not that the amendment have occurred during that time. Because the Defendant Officers misread this aspect of Rule 15(c)(1)(C), the Court declines to address this argument further.

5

C 9762, 2016 WL 6582570, at *2 (N.D. Ill. Nov. 7, 2016); *see also Cheatham v. City of Chicago*, No. 16-cv-3015, 2016 WL 6217091, at *2–3 (N.D. Ill. Oct. 25, 2016) (finding relation back proper even though plaintiff identified John Doe defendant after the statute of limitations had run, finding that *Krupski* changed the inquiry to focus on the defendant's instead of the plaintiff's knowledge); *Karney v. City of Naperville*, No. 15 C 4608, 2016 WL 6082354, at *9 (N.D. Ill. Oct. 18, 2016) (rejecting traditional John Doe rule in favor of focus on defendant's knowledge). Therefore, the Court is not persuaded by this aspect of the Defendant Officers' argument for dismissal.

Alternatively, the Defendant Officers contend that they are prejudiced by Bagley's failure to diligently amend his complaint to name them as defendants. The Supreme Court has noted that an amendment does not relate back if a plaintiff made a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties," which the Supreme Court described as "the antithesis of making a mistake concerning the proper party's identify." *Krupski*, 560 U.S. at 549. Although Bagley did sue different officers initially in addition to a John Doe defendant, the Defendant Officers do not argue that Bagley deliberately chose not to sue them in his initial complaint, acknowledging that Bagley did not know their names at that time. Instead, the Defendant Officers argue that Bagley deliberately chose not to discover their identities before the statute of limitations ran, noting that he could have requested the criminal court file at any time, which would have included an unredacted copy of the arrest report that identified the Defendant Officers as the arresting officers. Because Bagley did not do so within the statute of limitations, the Defendant Officers argue that the Court should not allow relation back. *See Fleece v. Volvo Constr. Equip. Korea, Ltd.*, No. 10 CV 4496, 2012 WL 171329, at *4 (N.D. Ill. Jan. 20, 2012) ("Following *Krupski*, numerous lower courts

6

have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant or to sue the new defendant before the limitations period expired."). But the Court declines to reach this conclusion based solely on the pleadings, particularly where Bagley posits in his response that he had difficulty discovering the Defendant Officers' identities and the statute of limitations is an affirmative defense. *See Karney*, 2016 WL 6082354, at *9 (noting that the court could not determine from the pleadings whether the plaintiff had been diligent in seeking the defendant's identify, making a ruling on relation back premature).

Finally, the Defendant Officers assert that they did not have knowledge that they should be named as individual Defendants in this matter during the Rule 4(m) period and that they would be prejudiced in their defense if the Court allows the amended complaint to relate back. But these types of questions require the Court to make a factual determination, which it cannot do based on the pleadings alone. Because at this stage the Court cannot determine if the amended complaint relates back to the filing of the initial complaint, it instead awaits a more developed record before making a determination on the statute of limitations issues raised here.[5]

## II.     *Heck* as a Bar to Bagley's Unreasonable Seizure Claim (Count I)

Defendants argue that *Heck* bars Bagley's unreasonable seizure claim, contending that Bagley's guilty plea for resisting arrest is inconsistent with his unreasonable seizure claim, which requires him to establish there was no probable cause for his arrest. Bagley responds that *Heck* does not bar his unreasonable seizure claim because his claim challenges actions that occurred before the acts underlying his conviction. Under *Heck*, a criminal defendant may not use § 1983

---

[5] Because the Court cannot find at this time that the statute of limitations bars Bagley's claims against the Defendant Officers and Ortiz's status as a Defendant remains unknown, the Court does not find the City's argument that it is entitled to dismissal because no claims remain against the individual Defendants persuasive.

to claim damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Section 1983 is not the appropriate vehicle for criminal defendants to collaterally attack an otherwise valid criminal conviction. *Id.* at 486.

*Heck* requires the Court to consider whether a judgment in Bagley's favor would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. If it would, his unreasonable seizure claim cannot proceed. *Id.* The existence of probable cause bars a false arrest claim. *Stokes v. Bd. of Educ. of the City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010). Bagley was found guilty of resisting arrest. This is sufficient to provide probable cause for Bagley's seizure because a challenge to probable cause would necessarily imply the invalidity of his conviction for resisting arrest. *See Case v. Milewski*, 327 F.3d 564, 569 (7th Cir. 2003) (conviction for resisting arrest barred false arrest claim because "under Illinois law, so long as there is physical resistance, an officer has probable cause to arrest someone who resists an arrest attempt"). And Bagley cannot divorce his arrest on other charges or conduct occurring before the acts underlying his conviction from that for resisting arrest: "probable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is a reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed."). This is particularly the case here, where the other charges arose out of the

same incident and the Seventh Circuit has held that "even if probable cause did not exist for the crime charged, proof of probable cause to arrest the plaintiff on a closely related charge is also a defense." *Kelley v. Myler*, 149 F.3d 641, 647–48 (7th Cir. 1998) (discussing related charges of criminal trespass and resisting law enforcement); *see also Hooks v. City of Batavia*, No. 13 C 1857, 2014 WL 114152, at *2–3 (N.D. Ill. Jan. 10, 2014) (probable cause for resisting arrest charge is sufficient to preclude false arrest claim for trespass arrest). Thus, Bagley cannot pursue his unreasonable seizure claim because probable cause existed to sustain the resisting arrest charge. *Hooks*, 2014 WL 114152, at *3.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [35]. The Court dismisses Bagley's unreasonable seizure claim (Count I).

Dated: July 24, 2018

_____
SARA L. ELLIS
United States District Judge